**D. C. TRANSIT SYSTEM, INC.,**
Petitioner,

v.

**WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION,** Respondent.

**Atwood's Transport Lines, Inc.,**
Intervenor.

**No. 10503.**

United States Court of Appeals
Fourth Circuit.

Argued June 24, 1966.

Decided Sept. 14, 1966.

See also 4 Cir., 359 F.2d 420.

Manuel J. Davis, Washington, D. C. (Samuel M. Langerman, Silver Spring, Md., on brief), for petitioner.

Russell W. Cunningham, Arlington, Va., for respondent.

Linwood C. Major, Jr., Washington, D. C. (Ralph H. Ferrell, Jr., Richmond, Va., Donald W. Markham, Washington, D. C., Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., and Turney, Major, Markham & Sherfy, Washington, D. C., on brief), for intervenor.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

PER CURIAM.

This case arises under the Washington Metropolitan Area Transit Regulation Compact.[1] D. C. Transit System, Inc. petitions us to set aside an order[2] of the Commission[3] entered October 27, 1965 and an order denying reconsideration on December 27, 1965.[4]

The effect of the orders was to permit Atwood's Transport Lines, Inc. to continue charter operations in the territory between Washington, D. C. and the site of the Atomic Energy Commission near Germantown, Maryland, after Atwood's authority to conduct regular-route operations between these points had been suspended. Since its ultimate finding upon the facts as stipulated by the parties is not without support, and its conclusion not contrary to law, we affirm the orders of the Commission.[5]

Atwood had held since 1959 a certificate of public convenience and necessity from the Interstate Commerce Commission authorizing regular-route transportation of passengers and baggage between the termini involved here. Under the Interstate Commerce Act, § 208(c), 49 U.S.C. § 308(c), the holder of such a certificate was empowered, as an incident thereto, to transport charter parties subject to such rules and regulations as the ICC should prescribe. The pertinent regulations allowed the carrier to provide charter service originating at any point on its authorized regular route or within the territory served by that route. See Regulations, Special or Chartered Party Service, 29 MCC 25 and 48 MCC 521. This incidental authority was held to be inseparable from the regular-route authorization. Liederbach Common Carrier Application, 41 MCC 595, 601–602.

■ Upon the inception of the Compact and pursuant to its "grandfather" proviso, Atwood on October 23, 1964 was issued a certificate, No. 14, by the Transit Commission substantially similar to the one it held from the ICC. However, the later certificate explicitly authorized Atwood "to originate trips in charter operations in the territory served within one mile of its regular routes to points in the Metropolitan District". Obviously, this was an expressly authorized charter service, not simply one allowed incidentally by the Interstate Commerce Act. The separateness and independence of the charter service were noted in the issuing order, No. 380, served September 11, 1964.

On January 15, 1965 petitioner, a competitor, filed with the Transit Commission the complaint in this case, charging that Atwood had abandoned its regular-route operations and praying revocation of Atwood's authority to conduct such operations. Upon the stipulated facts without a hearing—indeed almost a concession by Atwood—the Commission directed, by Order No. 541 now on review that Atwood's regular-route authorization be suspended. Notwithstanding, the Commission stressed that the charter operations authorized by Atwood's certificate should remain in effect.

In its application for reconsideration, petitioner attacked the permittance of the charter service by Atwood. The attack was grounded on the following argument: that as Atwood's certificate was issued under the "grandfather" clause, it must be in the image of the authority theretofore granted by the ICC; that the inseparability of the charter and regular-route authorizations continued as an inerasable, inherent feature; and, therefore, the order of the Transit Commission severing the two was invalid.

1. P.L. 86–794, 86th Congress, H.J. Res. 402, Act of September 15, 1960, 74 Stat. 1031.

2. Order No. 541 served In the Matter of: D. C. Transit System, Inc. v. Atwood's Transport Lines, Inc., Docket No. 82.

3. An exposition of the Commission's functions and operations is found in Alexandria, Barcroft & Washington Transit Co. v. Washington Metropolitan Area Transit Comm'n., 323 F.2d 777, 779 (4 Cir. 1963).

4. Order No. 553.

5. Sec. 17(a) of the Compact, 74 Stat. 1046.

In denying petitioner's application for reconsideration, Order No. 553, supra, the Transit Commission stated that the certificate it issued to Atwood purposely provided for regular-route and charter authority separately—that the charter service was not an incident to the route service, but was entirely independent of it. The Commission explained that in processing applications for "grandfather" certificates, it learned that most motor vehicle carriers possessed operating rights given not only by the Compact's signatories but as well as by provisions of the Interstate Commerce Act other than § 208(c), 49 U.S.C. § 308(c), supra, such as § 203(b) (8), 49 U.S.C. § 303(b) (8) and 207(a), 49 U.S.C. § 307(a). Continuing, the Commission noted:

> "The orders issued by this Commission have recognized the divergent sources of charter rights, and clearly reveal the Commission policy to grant separate rights. * * * The 'grandfather' certificates * * * have merged all of the charter rights, regardless of source, of a carrier into one single, comprehensive grant of authority."

The instant complaint, as the Commission shows in effect amounts to an attack upon either the Commission's construction of the Atwood certificate or the Commission's power originally to issue the certificate in these terms. In both aspects the complaint fails.

■■■■ On the first point: that the Commission is the final interpreter of its own orders is no longer debatable. Nelson, Inc. v. United States, 355 U.S. 554, 557–558, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958). Secondly, as the validity of the "grandfather" order granting the certificate was not directly assailed in the complaint and was not litigated before the Commission, it is not reviewable here. Thus, this is an impermissible attempt to attack the original order collaterally. If its validity is to be questioned, that can be accomplished only by reopening the proceeding wherein such order issued. Nelson, Inc. v. United States, supra, 355 U.S. 554, 561–562, 78 S.Ct. 496,

2 L.Ed.2d 484. The manner and conditions upon which this may be achieved are not for us to say at this time; we only say now that Transit's present complaint should not prevail.

Petition for review denied.